UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>IVAN SANTOS ARELLANO,<br><br>　　　　　　　　Defendant. | CASE NO. 2:22-cr-00151-LK<br><br>PRELIMINARY ORDER OF FORFEITURE |

This matter comes before the Court on the Government's Motion for Preliminary Order of Forfeiture, Dkt. No. 180, seeking to forfeit, to the United States, Defendant Ivan Santos Arellano's interest in the following property ("Subject Property"):

　　a.　　Approximately $675,179 in U.S. currency;

　　b.　　Sixteen firearms and any associated magazines, accessories, and ammunition:

　　　　1.　　One Tavor X95 rifle, bearing serial number T1002558;

　　　　2.　　One Inland Div General Motors US Carbine rifle, bearing serial number 510080;

　　　　3.　　One American Tactical Omni Hybrid Muti-Cal rifle, bearing serial number NS253683;

PRELIMINARY ORDER OF FORFEITURE - 1

4. One Colt AR-15 SPR1 rifle, bearing serial number SP71077;

5. One EDC Tactical LLC EDC-15 rifle, bearing serial number SAIL0046;

6. One Caist 74 pistol, bearing serial number AM25551980;

7. One Ruger EC95 pistol, bearing serial number 45789060;

8. One Springfield XDS9 pistol, bearing serial number S3645715;

9. One Ruger pistol, bearing serial number 863160831;

10. One Glock 31 Gen 4 pistol, bearing serial number BLYU585;

11. One CZ P-09 pistol, bearing serial number B505763;

12. One Ruger SR9C pistol, bearing serial number 33380813;

13. One Glock 20 Gen 4 pistol, bearing serial number BLNP708;

14. One Mossberg 500 shotgun, bearing serial number U829377;

15. One Forjas Tauras S.A. PT 1911 pistol, bearing serial number NGM9b722; and

16. One Polymer 80 pistol, bearing no serial number.

Mr. Santos Arellano did not file any response to the motion. The Court, having reviewed the Government's motion, as well as the other papers and pleadings filed in this matter, hereby FINDS that entry of a Preliminary Order of Forfeiture is appropriate for the following reasons:

- On May 23, 2024, Mr. Santos Arellano pleaded guilty to Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846, as charged in Count 1 of the Superseding Information, and Illegal Alien in Possession of Firearms in violation of 18 U.S.C. §922(g)(5)(A), as charged in Count 2 of the Superseding Information, Dkt. Nos. 170, 175;

- In his Plea Agreement, Mr. Santos Arellano agreed to forfeit his interest in any property that facilitated and/or constituted proceeds of his commission of Conspiracy to Distribute Controlled Substances (Count 1), pursuant to 21 U.S.C. § 853, including the Subject Property, Dkt. No. 175 at 11–12;

- In his Plea Agreement, Mr. Santos Arellano agreed to forfeit his interest in any firearms and ammunition that were involved in his commission of Illegal Alien in Possession of Firearms (Count 2), pursuant to 18 U.S.C. § 924(d), by way of 28 U.S.C. § 2461(c), including the above-referenced firearms and associated ammunition, magazines, and accessories in paragraphs (b)(1)–(15), Dkt. No. 175 at 11–12;

- The Subject Property is forfeitable pursuant to 21 U.S.C. § 853 as property that facilitated, and/or that constitutes proceeds of, Mr. Santos Arellano's commission of Conspiracy to Distribute Controlled Substances (Count 1); and

- The above-referenced firearms and associated ammunition, magazines, and accessories in paragraphs (b)(1)–(15) of the Plea Agreement are forfeitable pursuant to 18 U.S.C. § 924(d), by way of 28 U.S.C. § 2461(c), as firearms that were involved in Mr. Santos Arellano's commission of Illegal Alien in Possession of Firearms (Count 2).

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to 21 U.S.C. § 853 and his Plea Agreement, Dkt. No. 175, Mr. Santos Arellano's interest in the Subject Property is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to 18 U.S.C. § 924(d), by way of 28 U.S.C. § 2461(c), and his Plea Agreement, Dkt. No. 175, Mr. Santos Arellano's interest in the above-referenced firearms in paragraphs (b)(1)–(15), is fully and finally forfeited, in its entirety, to the United States;

3) Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A)–(B), this Preliminary Order will be final as to Mr. Santos Arellano at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

4) The Department of Justice, the Federal Bureau of Investigation (FBI), United States Immigration and Customs Enforcement, and/or their authorized agents or representatives shall maintain the property in its custody and control until further order of this Court;

5) Pursuant to Federal Rule of Criminal Procedure 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the Subject Property as permitted by governing law. The notice shall be posted on an official government website—currently www.forfeiture.gov—for at least thirty (30) days. For any person known to have alleged an interest in the property, the United States shall, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than Mr. Santos Arellano, who has or claims a legal interest in the property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a. shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

    b. shall be signed by the petitioner under penalty of perjury; and

    c. shall set forth the nature and extent of the petitioner's right, title, or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought.

6) If no third-party petition is filed within the allowable time period, the United States shall have clear title to the Subject Property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2);

7) If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

8) The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending

PRELIMINARY ORDER OF FORFEITURE - 4

the Preliminary Order or Final Order as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated this 20th day of June, 2024.

*Lauren King*
Lauren King
United States District Judge

PRELIMINARY ORDER OF FORFEITURE - 5